FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

98 SEP 14 PM 12: 43
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHRISTOPHER HILL & | ) | BK CASE NO. 98-71375-CMS-13 |
| TINA M. HILL, | ) | |
| Debtors, | ) | |
| | ) | |
| | ) | |
| | ) | ENTERED |
| CHRISTOPHER HILL & | ) | |
| TINA M. HILL, | ) | SEP 1 4 1998 |
| | ) | |
| Appellants, | ) | CIVIL ACTION NO. |
| | ) | CV-AR-1839-W |
| vs. | ) | 98 |
| | ) | |
| LOAN SERVICE CENTER | ) | |
| (a/k/a Consumer | ) | |
| Portfolio Services, | ) | |
| Inc.) | ) | |
| | ) | |
| Appellee. | ) | |

MEMORANDUM OPINION

Presently before the court is the motion of appellee, Loan Service Center("Loan Service")to dismiss an appeal from the bankruptcy court. For the reasons contained herein, this court concludes that appellee's motion is due to be denied.

1

## Background

On June 24, 1998, Bankruptcy Judge C. Michael Stilson entered an order denying the complaint by Christopher Hill and Tina M. Hill ("Hills") for turn-over of their repossessed vehicle and granting Loan Service's motion to dismiss.[1] The Hills (now appellants) filed a notice of appeal on June 25, 1998. On August 17, 1998, Loan Service (now appellee) filed its motion to dismiss the appeal.

Appellee argues that the appeal should be dismissed as moot. Appellee contends that appellants failed to seek a stay of judgment pending appeal, an option afforded them by Bankruptcy Rule 8005. Without being stayed, appellant sold the vehicle on June 24, the same day upon which judgment was entered by the bankruptcy court.

---

[1] Relying on Eleventh Circuit precedent of *Charles R. Hall Motors, Inc. v. Lewis*, the Bankruptcy Court implicitly concluded that legal title and right of possession transferred to the creditor upon the debtors' default, leaving the debtors with only the right of redemption. *See Hill v. Loan Service Center*, AP 98-70188-CMS-13, Memorandum of Decision at 4-5; *see also Charles R. Hall Motors, Inc. v. Lewis*, 137 F.3d 1280, 1283-84 (11th Cir. 1998). The Bankruptcy Court then explicitly concluded that debtors' proposed plan did not constitute an effective exercise of the right to redeem the vehicle since the plan did not satisfy the full debt owed to the creditor and was presented as payments over time rather than a lump sum payment. *See Hill*, Memorandum of Decision at 5; *see also Lewis*, 137 F.3d at 1284-85. Because debtors did not effectively exercise the right of redemption, their property interest in the vehicle was insufficient to bring it within the protection of the bankruptcy estate. *See Hill*, Memorandum of Decision at 5; *see also Lewis*, 137 F.3d at 1284-85.

Appellant argues that the appeal should be dismissed as moot in as much as this court can no longer provide the relief sought by appellees, to wit, return of the repossessed vehicle.

Appellees offer various arguments in opposition to appellant's motion. Most notable among these arguments is appellees' contention that failure to obtain a stay pursuant to Bankruptcy Rule 8005 is not fatal. According to appellees, Rule 62(a) of the Rules of Civil Procedure provides a ten day automatic stay of any proceeding to enforce a judgment.

Appellee acknowledges that Rule 62 is applicable to some bankruptcy proceedings, but denies the applicability of Rule 62 to the order forming the basis of this appeal. Alternatively, Appellee argues that the sale of the vehicle did not violate the ten day stay created by Rule 62.

### Discussion

#### 1. Stay of Judgment

Appellee accurately states that appellants' failure to apply for a stay pending appeal under Bankruptcy Rule 8005 effectively forecloses the protection afforded by that rule.[2] See *Kahihikolo*

---

[2] Bankruptcy Rule 8005 provides in pertinent part that a "motion for a stay of the judgment, order or decree of a bankruptcy judge . . . pending appeal must ordinarily be presented to the bankruptcy judge." FED.BANKR.R. 8005. The rule also allows the bankruptcy judge to issue a stay *sua sponte*

3

v. *General Finance Corp. of Georgia,* 807 F.2d 1540, 1542 (11th Cir. 1987). The dispositive questions, therefore, are the applicability of and appellee's compliance with Rule 62.

Rule 62 is made applicable to "adversary bankruptcy proceedings" by Bankruptcy Rule 7062. FED.BANKR.R. 7062. Adversary bankruptcy proceedings include "any proceeding instituted by a party before a bankruptcy judge to recover money or property." FED.BANKR.R. 701. An action before a bankruptcy judge for turn-over of a repossessed vehicle obviously qualifies as an adversary bankruptcy proceeding to which Rule 62 applies. Rule 62, in turn, provides in pertinent part that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." F.R.CIV.P. RULE 62. "Judgment" is defined by Rule 54 as including "any order from which an appeal lies." F.R.CIV.P. RULE 54(a). Because the order of Bankruptcy Judge Stilson is appealable, it clearly qualifies as a judgment for which Rule 62 provides a stay.

Appellee argues in the alternative that, if Rule 62 does apply, sale of the repossessed vehicle on June 24 did not violate the ten day automatic stay. Appellee contends that the ten day

---

and for application of a stay to a district judge or bankruptcy appellate panel. *Id.*

4

stay began on June 12, the day that Judge Stilson *orally* denied appellants' turn-over complaint and dismissed the action. This position is directly contrary to Rule 58, which indicates that judgment -- including a decision by the court that all relief is due to be denied -- becomes effective *only* when that decision is set forth in a separate order and entered by the clerk. F.R.CIV.P. 58. In this case, judgment was not entered until June 24, the same day appellee sold the vehicle. The sale clearly violated the ten day stay.

2. **Mootness**

Contrary to appellee's assertion, this appeal is not rendered moot by the disposal of the vehicle in question. Should appellants succeed in their appeal, this court can still provide some relief despite the disposition of the vehicle. Courts faced with similar facts have voided sales of repossessed vehicles when the sale has occurred in violation of the ten day stay afforded by Rule 62(a). *See Cooper v. Chrysler Credit Corp v. Cooper,* 16 B.R. 19 (Bankr. W.D. Mo. 1981). Creditors have also been ordered to restore the vehicle or a vehicle of substantially the same value. *See id.*

Appellee cites cases from the Fifth and Eleventh Circuits in which courts have dismissed appeals as moot due to the disposition

of contested property prior to the appeal. These cases are distinguishable on their facts. See *Kahihikolo,* 807 F.2d at 1524; *American Grain Assoc. v. Lee-vac, Ltd.,* 630 F.2d 245, 248 (5th Cir. 1980). In *Kahihikolo v. General Finance Corp. of Georgia,* for example, debtors had not requested a stay pursuant to Bankruptcy Rule 8005, and the Bankruptcy Judge had lifted any stay afforded by bankruptcy law. See *Kahihikolo,* 807 F.2d at 1541. By the terms of Bankruptcy Rule 7062, Rule 62 does not apply to orders granting relief from a stay provided by bankruptcy law. See FED.BANKR.R. 7062. Consequently, there was no stay in effect at the time the contested vehicle was sold.[3] Similarly, in *American Grain Assoc. v. Lee-vac, Ltd.,* the predecessor to the Eleventh Circuit was reluctant to grant relief that would adversely affect the rights of innocent third parties who had obtained the contested property in good faith and *in the absence of a stay.* 630 F.2d at 248. Because the contested property in this case was sold in _violation_ of a stay rather than in the _absence_ of a stay, neither case requires this court to dismiss the appeal as moot.

---

[3] The facts of *Kahihikilo* are indistinguishable from *Algeran, Inc. v. Advance Ross Corp.,* also cited by Appellee. 759 F.2d 1421, 1423-25 (9th Cir. 1985).

## Conclusion

Rule 62 was designed to give a party adversely affected by a judgment time to file an appeal or request review of said judgment through appropriate means. *See Cooper*, 16 B.R. at 22. This court will not allow appellee to use its violation of the stay provided by Rule 62(a) as a means to defeat appellants' right to an appeal on the merits of their turn-over complaint. An appropriate order denying appellee's motion will be separately entered.

DONE this 14th day of September, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE